NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-3338

_____

UNITED STATES OF AMERICA

v.

MARSHALL ONUORAH,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-20-cr-00482-001)
District Judge: Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on February 10, 2023

Before: CHAGARES, *Chief Judge*, SCIRICA, and SMITH, *Circuit Judges.*

(Filed: March 31, 2023)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

This appeal arises from the trial and conviction of Marshall Onuorah for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). At trial, an arresting police officer testified he had prior familiarity with Onuorah. Onuorah argues this testimony is inadmissible under Federal Rule of Evidence 404(b). Because the disputed testimony is not evidence of a crime, wrong, or act, it is not prohibited by Rule 404(b). We will affirm.

## I.

While on patrol in an area known for violent crime, Officers Ngo and Melton of the Camden County Police Department observed Onuorah standing outside a residence with his hands inside his sweatpants and a suspicious bulge inside his waistband. Officer Ngo knew Onuorah had previous arrests for violent crimes and firearm-related offenses.

When Officer Melton exited the patrol car and approached Onuorah, Onuorah fled. Officer Melton pursued Onuorah on foot; Officer Ngo followed in the patrol car, then exited to join the pursuit on foot as well. As he pursued, Officer Ngo observed Onuorah running with his hands in his sweatpants and caught a glimpse of Onuorah's right hand holding the black handle of a firearm. During the pursuit, Officer Ngo observed Onuorah drop a black object between his legs as he ran, but Officer Ngo did not stop to retrieve it. Officer Melton first observed Onuorah running with both his hands near his waistband, then later in the pursuit observed Onuorah swinging his left arm while running. After a brief pursuit, Onuorah surrendered by falling to the ground and swinging his hands forward in an unnatural motion, as though tossing an item. The

2

officers then arrested Onuorah.

The officers found no weapons in Onuorah's possession. Officer Ngo canvassed the area where he observed Onuorah drop the black item and found a black ammunition drum loaded with 46 rounds of .40 caliber ammunition. Officers also canvassed the area near where Onuorah surrendered and found a .40 caliber pistol loaded with 46 rounds of .40 caliber ammunition in a high-capacity magazine. The pistol was modified to convert the rate of fire from semi-automatic to automatic.

Local authorities charged Onuorah with multiple firearm-related offenses, and federal authorities charged Onuorah with possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1).

Before trial on the felon-in-possession charge, the Government filed a motion in limine to permit—if Onuorah challenged the officers' credibility on their reasons for approaching him—Officers Ngo and Melton to testify that they approached Onuorah because Officer Ngo knew Onuorah had previous arrests and observed him outside a known drug house in a high crime area. Even if Onuorah never challenged the officers' credibility, the Government stated it planned "to elicit testimony as to *whether* Officer Ngo was familiar with [Onuorah], albeit not necessarily *how* Officer Ngo was familiar with [Onuorah]." Gov't's Mem. Supp. Mots. In Lim. at 12 n.6, *United States v. Onuorah*, No. 1:20-cr-482 (D.N.J. May 7, 2021), ECF No. 26. Onuorah did not respond to the Government's motion in limine and did not oppose it at a pretrial hearing. The District Court granted the Government's motion in limine.

At trial, the Government elicited the testimony previewed in its motion in limine.

3

During Officer Ngo's testimony, the Government asked him, "Did you recognize [Onuorah] as somebody with whom you had prior familiarity?" A127:20–21. Officer Ngo replied, "Yes." A127:22. Onuorah's counsel immediately objected on the grounds that the testimony was prejudicial and irrelevant, and sought a mistrial. At sidebar, Onuorah's counsel argued the testimony was prejudicial because "it leaves the jury to think, well, how does this officer know [Onuorah]? Well, it must be from prior criminal activity." A129:24–130:1. The District Court heard further argument from counsel and overruled the objection, reasoning that the testimony was relevant for why the officers approached Onuorah and not prejudicial because Onuorah stipulated that he was previously convicted of a felony.

The jury ultimately convicted Onuorah of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced Onuorah to 120 months of confinement and 3 years of supervised release. This timely appeal followed.

## II.[1]

Onuorah argues the District Court abused its discretion by admitting the testimony that Officer Ngo had "prior familiarity" with him, which was prohibited under Federal Rule of Evidence 404(b).[2]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

[2] The parties dispute the standard of review in this case. The Government argues that Onuorah failed to preserve this issue by not opposing its motion in limine and not objecting specifically on Rule 404(b) grounds at trial, and therefore our standard of review must be plain error. Onuorah argues he preserved this issue and our review must

4

Federal Rule of Evidence 404(b) states: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Onuorah's argument is premised on the belief that the disputed testimony is evidence of a crime, wrong, or act. Appellant's Br. 12 ("Testimony that a police officer was 'familiar' with Mr. Onuorah was clear 'other bad acts' evidence . . . ."). On the other hand, the Government argues there is no Rule 404(b) issue because "the disputed testimony did not prove that Onuorah committed a prior bad act nor did it prove anything about Onuorah's character or pattern of behavior." Appellee's Br. 11.

It is axiomatic that for evidence to be inadmissible under Rule 404(b), it must be evidence of a crime, wrong, or act. *See* 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:28 (4th ed. 2013) ("There are some aspects of the human condition that are not aptly captured by the phrase 'crime, wrong, or other act' and these fall beyond reach of Rule 404(b)."). Evidence of a defendant's status—such as being familiar to a witness—without reference to a specific crime, wrong, or act is not covered

---

be for abuse of discretion. Because the difference in standard of review does not affect the outcome here, we need not decide whether Onuorah preserved the issue below.

We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Repak*, 852 F.3d 230, 240 (3d Cir. 2017). "An abuse of discretion occurs only where the district court's decision is arbitrary, fanciful, or clearly unreasonable—in short, where no reasonable person would adopt the district court's view." *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (quotation marks and citation omitted). We exercise plenary review over a district court's interpretation of the Federal Rules of Evidence, which includes "whether evidence falls within the scope of Rule 404(b)." *United States v. Steiner*, 847 F.3d 103, 110–11 (3d Cir. 2017) (citation omitted).

by Rule 404(b). *See United States v. Mitchell*, 172 F.3d 1104, 1107 (9th Cir. 1999) (explaining that a defendant's status of "[b]eing poor is not a crime, wrong, or act" and "Rule 404(b) therefore has no application").

Here, Officer Ngo's testimony that he was familiar with Onuorah falls outside the ambit of Rule 404(b). Officer Ngo did not testify that he was familiar with Onuorah because of prior arrests; because Onuorah performed other crimes, wrongs, or acts that would suggest a bad character; or even because he observed Onuorah in an area known for violent crime. *See United States v. Lumpkin*, 192 F.3d 280, 287–88 (2d Cir. 1999) (holding there was "no 'other crimes, wrongs, or acts' evidence at issue" where witness testified he observed the defendant "in a certain area over a period of time" but not "engaging in criminal or other wrongful conduct"). Officer Ngo testified only that Onuorah was "somebody with whom [he] had prior familiarity." A127:20–22. Because his testimony implicated no crime, wrong, or act, Rule 404(b) does not prohibit the admission of the testimony.

And even if Rule 404(b) applied to the disputed testimony and the District Court erred in admitting it, any error was harmless.[3] The Government presented ample evidence to establish the elements of the charged offense, including eyewitness testimony from the officers involved in the arrest of Onuorah and recovery of the firearm and ammunition, body camera footage from the officers, the .40 caliber firearm and matching

---

[3] "The test for harmless error is whether it is highly probable that the error did not contribute to the judgment. This high probability requires that the court possess a sure conviction that the error did not prejudice the defendant." *United States v. Caldwell*, 760 F.3d 267, 285 (3d Cir. 2014) (internal quotation marks and citation omitted).

.40 caliber ammunition drum recovered from the scene of the pursuit and arrest, evidence that the firearm and ammunition traveled in interstate commerce, and Onuorah's stipulation that he knew he was a previously convicted felon at the time of his arrest.

Onuorah's counsel articulated the possible prejudice from the disputed testimony at sidebar during trial: "[I]t leaves the jury to think, well, how does this officer know [Onuorah]?  Well, it must be from prior criminal activity."  A129:24–130:1.  But because Onuorah stipulated that he was a previously convicted felon at the time of the arrest, the jury was already aware Onuorah was involved in prior criminal activity and might be known to police officers.  Therefore, as the District Court recognized in overruling Onuorah's objection, there could be no prejudice to Onuorah if the jury inferred from the disputed testimony that he was involved in prior criminal activity.  In light of Onuorah's stipulation, it is "highly probable" that the admission of the disputed testimony "did not contribute to the judgment," and we are left with "a sure conviction that [any] error did not prejudice the defendant."  *United States v. Caldwell*, 760 F.3d 267, 285 (3d Cir. 2014).

## III.

For the forgoing reasons, we will affirm.